## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANKLIN D. BEAHM, A LAW CORP AND CHARLES S. GREEN, JR., A PROFESSIONAL LAW CORP D/B/A BEAHM & GREEN, ATTORNEYS & COUNSELORS AT LAW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5611** |
| **GILSBAR, INC., CNA INSURANCE COMPANY, VALLY FORGE INSURANCE COMPANY AND DERRICK BARFIELD** | **SECTION "C"** |

## <u>ORDER AND REASONS</u>

Before this Court is a Motion to Remand filed by Plaintiffs, Franklin D. Beahm, A Law Corporation ("Beahm") and Charles S. Green, Jr., A Professional Law Corporation ("Green") d/b/a Beahm & Green, Attorneys & Counselors at Law (collectively, "Plaintiffs") (Rec. Doc. 5). Defendant, Valley Forge Insurance Company ( "Valley Forge"), opposes this motion. The motion is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED**.

## I. **BACKGROUND**

This action arises out of insurance claims made by Plaintiffs after Hurricane Katrina. Plaintiffs own a joint legal practice.  Hurricane Katrina caused Plaintiffs to close their business for a period of time.  As a result, they made a claim on their "Business Interruption" insurance policy provided by Valley Forge. Plaintiffs allege that Valley Forge has not paid those claims.

Plaintiffs filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana alleging that Valley Forge has acted unreasonably, arbitrarily and capriciously in not timely paying their claims.  Furthermore, Plaintiffs allege that when they made their claims to Valley Forge, they discovered that they did not have all of the business interruption insurance coverage that they believed they had.  Thus, Plaintiffs also sued Derrick Barfield ("Barfield") and Gilsbar, Inc. ("Gilsbar"), the insurance agents, for their alleged actions, omissions or neglect in advising them and procuring the insurance coverage that they requested.  Specifically, Plaintiffs claim that Barfied and/or Gilsbar failed to secure the policy in the name of Beahm & Green and failed to issue a policy in the name of Charles S. Green, Jr. A Professional Law Corporation.

Valley Forge removed the action to this Court alleging diversity jurisdiction.  Plaintiffs are citizens of Louisiana and Valley Forge is a citizen of Pennsylvania and Illinois.  Thus, there is diversity between Plaintiffs and Valley Forge.  However, defendants Gilsbar and Barfield are both citizens of Louisiana.  To overcome the diversity problem, Valley Forge argues that Gilsbar and Barfield were fraudulently joined to the action and/or that Beahm's and Green's claims were misjoined for the sole purpose of preventing removal to the federal court pursuant to diversity jurisdiction.

2

## II. <u>ANALYSIS</u>

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is

present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

Valley Forge's Notice of Removal (Rec. Doc. 1) states that Gilsbar and Barfield were fraudulently joined because the actions against them sound in tort, while the action against Valley Forge lies in contract. Plaintiffs argue that the joinder is proper because the action seeks redress for the same injury. Plaintiffs allege that the claims arise out of the same basic facts and occurrence, i.e. the actions of their insurance agents in advising them on and procuring insurance coverage and the eventual problems with making claims on those policies.

In a similar case, *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *4 (E.D.La. 2006), Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.*, 2006 WL 1560791 (E.D.La. 2006) to find that there was no fraudulent joinder. Those cases both had only one plaintiff who was suing an insurance company, one adjustor and the insurance agent. Each Court found that there was a real connection between the claims and the parties, because the plaintiff sought recovery for the same injury.

This Court agrees with those decisions and finds that they are applicable to the case at bar. Here, there are two plaintiffs, Beahm and Green, who are suing the insurance company, and the sellers of the policy. Beahm and Green are related parties because together they operate the

law practice that was supposedly covered by the business interruption insurance policy in question.  Plaintiffs are suing the insurance company for their alleged improper administration of claims made under the policy.  Furthermore, Plaintiffs are suing the insurance agents for their neglect, omissions or actions in procuring that same policy. Although some claims sound in contract and others in tort, all of the claims arise out of the Plaintiffs' business interruption insurance coverage.  Therefore, the Court finds that there is a common nucleus of operative facts and that the parties are not fraudulently joined.  Thus, diversity jurisdiction is lacking.

## III. CONCLUSION

For the above stated reasons,

IT IS ORDERED that the Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 11th day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE